UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
RAFAEL SANTOS,                      )
        Petitioner,                 )
                                    )
        v.                          )    Civil Action No.
                                    )    19-cv-10742-NMG
STEPHEN SPAULDING,                  )
        Respondent.                 )
                                    )
_____)
```

ORDER

GORTON, J.

Rafael Santos, who was incarcerated at FMC Devens at the
time he filed this petition,[1] has filed a petition for a writ of
habeas corpus under 28 U.S.C. § 2241 in which he challenges his
federal life sentence.  The petition has not been served so that
the Court may review the pleading and determine whether the
respondent should be required to reply.  See 28 U.S.C. § 2243
(providing that, if "it appears from the application [for a writ
of habeas corpus] that the applicant . . . is not entitled [to
the writ]," the district court is not required to serve the
petition on the respondent).  For the reasons stated below, the
Court will deny the petition and order that this action be
dismissed.

_____

[1] According to the inmate locator function found at bop.gov, as
of August 5, 2109, Santos is incarcerated at MDC Brooklyn.

## I.  Background

According to Santos, in 1988 he was charged with seven counts relating to a drug trafficking conspiracy.  He represents that count one of the indictment charged him with conspiring to distribute cocaine, in violation of 21 U.S.C. § 846, and count two charged him with possessing one kilogram of cocaine, in violation of 21 U.S.C. § 841(b)(l)(A).  Count five charged him with conspiring to murder a federal officer, in violation of 18 U.S.C. 1117.  Following a jury trial, Santos was convicted on all counts.  The docket of his criminal action, of which this Court takes judicial notice, indicates that he was sentenced to life imprisonment on counts one and five and that he received sentences of five, ten, or twenty years on the other counts. See United States v. Santos, Crim No. 88-00642 (S.D.N.Y.).

In the present petition, Santos argues that his life sentence on the conviction for conspiring to distribute cocaine was unlawful because, at the time he was tried and sentenced, drug quantity was not treated as an element of the crime to be proven at trial beyond a reasonable doubt, but as a sentencing factor to be determined by a preponderance of the evidence by the sentencing judge.  Relying on Burrage v. United States, 571 U.S. 204 (2014), Santos asserts that recent law, which was not previously available, affords him relief and that he has exhausted all other available remedies.

## II.  Discussion

Under 28 U.S.C. § 2255 ("§ 2255"), a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Under the so-called savings clause of § 2255, a federal prisoner can challenge the legality of his sentence through an application for a writ of habeas corpus only where it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); see also Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute.").  A motion under § 2255 is not inadequate or ineffective merely because the petitioner failed timely to seek relief under § 2255 or because of the limitations on filing a second or successive § 2255 motion.  See Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008); United States v. Barrett, 178 F.3d 34, 53 (1st Cir. 1999).  Instead, "post-conviction relief can be termed 'inadequate" or "ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler, 536 F.3d at 99 (quoting

<u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998)).  Recourse to the savings clause is available only "in rare and exceptional circumstances," such as those where an ability to seek postconviction relief "would result in a 'complete miscarriage of justice.'"  <u>Id.</u> (quoting <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1977)).  The term "miscarriage of justice" "encompass[es] only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'"  <u>Id.</u> (quoting <u>McCleskey</u> v. <u>Zant</u>, 499 U.S. 467, 494 (1991)).  "The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty within the new meaning attributed to the statute."  <u>Sustache-Rivera</u>,221 F.3d at 16 (footnote omitted).

Here, Santos cannot avail himself of the savings clause because he does not present a claim suggesting that a miscarriage of justice would occur if he is not able to seek habeas relief.  Santos does not argue that he was convicted of conduct that is no longer considered criminal.  He does not allege that he is otherwise factually innocent of the crime for which he was indicted convicted, and sentenced.

In addition, in denying Santos's motion for a reduction in sentence, the sentencing court has recently noted:

> . . . [Santos]'s life sentence for a narcotics
> conspiracy offense was not based on drug weight or the
> Drug Quantity Table but was instead an automatic
> offense level 38 under the Guidelines at the time
> because it was an offense that result[ed] in death or
> serious bodily injury and involved controlled
> substances." U.S.S.G. § 2D1.1(a)(2) (June 1988).

United States v. Santos, Crim No. 88-00642, Docket No. 193 at 6

(S.D.N.Y. Jan. 23, 2018) (as in original), appeal dismissed,

Case No. 18-393 (2d Cir. Nov. 16, 2018). Thus, there is no

suggestion of a miscarriage of justice because, contrary to

Santos's suggestion, the sentence of which he complains was not

premised on a certain drug quantity.

## III. Conclusion

In accordance with the foregoing, the Court hereby DENIES

the petition for a writ of habeas corpus and orders that this

action be DISMISSED.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge
Dated: August 6, 2019